UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FATEH FADL SALEH,

        Plaintiff,        Civil Action No. 14-13428
                                  Honorable Avern Cohn
                                  Magistrate Judge David R. Grand

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION TO GRANT THE COMMISSIONER'S MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO PROSECUTE [14]**

**I.    RECOMMENDATION**

*Pro se* plaintiff Fateh Fadl Saleh brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying his claim for benefits. Having failed to file his motion for summary judgment despite an order from the Court requiring its filing, and having offered no excuse as to his failure to file such a motion, the Court RECOMMENDS that the Commissioner's motion to dismiss the complaint [14] be GRANTED and the complaint be DISMISSED WITH PREJUDICE for failure to prosecute.

**II.    REPORT**

    **A.    Background**

Saleh filed his complaint in this action on September 4, 2014. [1]. The transcript was filed on November 12, 2014, and on November 12, 2014, the Court directed the parties to file their respective motions for summary judgment, Saleh by December 10, 2014, and the

Commissioner by January 9, 2015. [11, 12]. Saleh failed to file his motion. On January 12, 2015, the Commissioner filed a motion to dismiss Saleh's complaint for failure to prosecute. [14]. On January 29, 2015, the Court issued an order to show cause, requiring Saleh, on or before February 12, 2015, to either file his summary judgment motion or to show cause in writing as to why the case should not be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. [15]. To date, Saleh has neither responded to the show cause order or the Commissioner's motion to dismiss, nor filed his summary judgment motion. Notably, the Court's show cause order has not been returned as undeliverable.

### B. Legal Standard

If a plaintiff fails properly to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket or involuntarily under Fed.R.Civ.P. 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626, 629-32 (1962). The authority to dismiss a plaintiff's case for failure to prosecute is available to the district court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999)). "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629.

The Sixth Circuit has established a four factor test to determine whether a case should be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). *Knoll*, 176 F.3d at 363. Those factors are: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether

less drastic sanctions were imposed or considered before dismissal was ordered." *Id.*

### C. Analysis

With respect to the first factor, even after the Court warned Saleh that a failure to file his motion might result in dismissal of his case with prejudice for failure to prosecute, Saleh failed to either file his motion or explain to the Court his inability to do so. Therefore, even though it is not clear that Saleh's failure to respond was done in bad faith, it is "certainly willful and with fault." *Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 U.S. Dist. LEXIS 68040, *3 (E.D. Mich. May 14, 2013).

As to the second factor, there is little prejudice to the Commissioner as Saleh's failure simply results in a delay in the litigation. However, the third and fourth factors weigh heavily in favor of dismissal, as Saleh has been given a clear warning that his case would be dismissed if he did not file his brief or otherwise respond to this Court's show cause order. Under these circumstances, "dismissal is the only appropriate remedy" because Saleh "has effectively abandoned the case." *Id.*

The Court notes that while Saleh's complaint references some heart-related ailments as the basis for his claim [1 at 2], he may not leave it to the Court to scour the record for evidence supporting his claims. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (stating that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to … put flesh on its bones.") (internal quotations omitted). On the other hand, the Court acknowledges its duty to conduct a *de novo* review of the record to ensure that the ALJ's decision is supported by substantial evidence.

In satisfying this obligation, the Court has reviewed the ALJ's decision in this matter and

finds it to be thorough and supported by substantial evidence from the record. Saleh's medical records show a history of aortic regurgitation, mild mitral stenosis, and mild mitral regurgitation. In particular, the notes of his treating cardiologist demonstrate that Saleh exhibited a grade 2/6 diastolic murmur in the left precordial area consistent with chronic aortic regurgitation. (Tr. 327). A 2-D echocardiogram indicated mildly impaired left ventricular systolic function with an ejection fraction of 40 percent; mild concentric left ventricular hypertrophy; mild to moderate mitral regurgitation; moderate to severe degree of aortic regurgitation; and no peridcardial effusion. (Tr. 334). An exercise stress echocardiogram performed on February 23, 2012, revealed normal left ventricular size with an ejection fraction of 50-55 percent; adequate ventricular augmentation in response to exercise; a mild degree of aortic regurgitation; mild to moderate aortic stenosis; sclerotic mitral valve leaflets; mild degree of posterior mitral annular calcification; and mild to moderate degree of mitral regurgitation. (Tr. 331).

However, Saleh's condition showed marked improvement from March through September 2012. During this time, Saleh's treating cardiologist noted that "his overall general condition has returned to normal" and that Saleh denied any specific complaints of chest pain, dizziness, palpitation, or lightheadedness. (Tr. 327). Moreover, the doctor opined that Saleh would be "able to perform any type of physical activities without limitations." (*Id.*). The cardiologist further noted that a May 23, 2012 echocardiogram "showed almost complete normalization of the left ventricular ejection fraction" at approximately 50 percent, and that "[t]he right ventricular chamber size is normal." (*Id.*). Additionally, Saleh exhibited stabilizing levels of mitral and aortic regurgitation, and "documented average exercise capacity" after being on a treadmill for 10.5 minutes without any "complaints of chest pain or shortness of breath." (*Id.*). The cardiologist ultimately "released [Saleh] to go to his usual physical activities and job."

(*Id.*).

Having considered this evidence, as well as Saleh's own reported activities of daily living, the ALJ ultimately determined that Saleh was less than fully credible.[1] (Tr. 17-18). The ALJ formulated a residual functional capacity that accounted for Saleh's credible limitations, and sought and relied upon VE testimony to determine what other work he would still be capable of performing. (Tr. 14-19). Based upon a thorough review of the record, the Court concludes that the ALJ's reasons, and his ultimate decision finding Saleh not disabled, are both supported by substantial evidence. Therefore, the ALJ's decision should be affirmed and the Court recommends dismissal of Saleh's complaint with prejudice. *See Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (stating that judicial review under the Social Security Act is limited in that courts "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record.") (internal citations omitted); *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (stating that in the event the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion.") (internal citations omitted).

### III.   CONCLUSION

For the foregoing reasons, the Court RECOMMENDS that the Commissioner's motion to dismiss the complaint [14] be GRANTED and the complaint be DISMISSED WITH PREJUDICE.

---

[1] The ALJ made a similar conclusion regarding Saleh's alleged depressive disorder after reviewing his daily living activities and the objective medical evidence demonstrating that he had a GAF score of 55 and was capable of "abstract thinking . . . normal attention, concentration, memory, insight and judgment." (Tr. 300).

Dated: February 24, 2015  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 24, 2015.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager